1  Michael A. DesJardins, SBN 145970
   Desjardins & Panitz, LLP
2  210 West Birch Street, Suite 202
   Brea, CA 92821
3  Tel:  714-265-2100
   Fax: 714-494-08215
4  md@desjardinslaw.com

5  Attorney for Plaintiff JENNIFER GONZALES

6  JAMES T. CONLEY, SBN 224174
   james.conley@ogletree.com
7  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
8  Park Tower, Fifteenth Floor
   695 Town Center Drive
9  Costa Mesa, CA  92626
   Telephone:  714.800.7900
10 Facsimile:   714.754.1298

11 KELSEY A. WEBBER, SBN 303721
   kelsey.webber@ogletree.com
12 OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
13 500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
14 Telephone:  916.840.3150
   Facsimile:  916.840.3159

15

16 Attorneys for Defendant WALMART,
   INC. *(erroneously sued as WAL-MART*
17 *ASSOCIATES, INC., a Delaware*
   *Corporation)*

**IT IS SO ORDERED.**
**DATED:** 4/11/2019
*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

NOTE CHANGES MADE BY THE COURT

18                **UNITED STATES DISTRICT COURT**

19                **CENTRAL DISTRICT OF CALIFORNIA**

20 JENNIFER GONZALES, an individual,   |   Case No. 2:18-cv-08409-PSG-AGR

21              Plaintiff,             |   **STIPULATION AND PROTECTIVE
                                       |   ORDER**
22        vs.                          |

23 WAL-MART ASSOCIATES, INC., a        |   Assigned to:
   Delaware Corporation, and DOES 1    |   Philip S. Gutierrez, District Judge
24 through 100, inclusive,             |   Alicia G. Rosenberg, Magistrate Judge

25              Defendants.            |   Action Filed:    August 21, 2018
                                       |   Trial Date:      January 21, 2020
26

27

28

2019.4.10 -
Stipulated

STIPULATION AND PROTECTIVE ORDER

1    **IT IS HEREBY STIPULATED** by and between Plaintiff JENNIFER

2    GONZALES ("Plaintiff") and Defendant WALMART, INC., ("Defendant" or

3    "Walmart") (collectively "the Parties"), through their respective attorneys of record,

4    that a Protective Order be entered by this Court as follows:

5        1.    **Purposes and Limitations:** Discovery in this action is likely to involve

6    production of confidential, proprietary, or private information for which special

7    protection from public disclosure and from use for any purpose other than prosecuting

8    this litigation may be warranted. Accordingly, the parties hereby stipulate to and

9    petition the Court to enter the following Stipulated Protective Order. The parties

10    acknowledge that this Order does not confer blanket protections on all disclosures or

11    responses to discovery and that the protection it affords from public disclosure and use

12    extends only to the limited information or items that are entitled to confidential

13    treatment under the applicable legal principles. The parties further acknowledge, as set

14    forth in Paragraph 27, below, that this Stipulated Protective Order does not entitle them

15    to file confidential information under seal; Central District of California Local Rule

16    79-5 sets forth the procedures that must be followed and the standards that will be

17    applied when a party seeks permission from the court to file material under seal.

18        2.    **Good Cause Statement:** This action is likely to involve third party

19    personal and confidential information, business, financial, technical and/or proprietary

20    information for which special protection from public disclosure and from use for any

21    purpose other than prosecution of this action is warranted. Such confidential and

22    proprietary materials and information consist of, among other things, confidential

23    proprietary business or financial information, information regarding confidential

24    business practices, commercial information (including information implicating

25    privacy rights of third parties), information otherwise generally unavailable to the

26    public, or which may be privileged or otherwise protected from disclosure under state

27    or federal statutes, court rules, case decisions, or common law. Accordingly, to

28    expedite the flow of information, to facilitate the prompt resolution of disputes over

Case No.: 2:19-cv-08409-PSG-AGR
STIPULATION AND PROTECTIVE ORDER

2019.4.10 -
Stipulated

confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.     **Definitions:** In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a).     "Proceeding" means the above-entitled proceeding (Case No. 2:18-CV-08409-PSG-AGR).

b).     "Party" means any party to this Proceeding, including all of its officers, directors, employees, consultants, and retained experts.

c).     "Court" means the Hon. Philip S. Gutierrez, or the Hon. Alicia G. Rosenberg and any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

d).     "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

e).     "Confidential Materials" or "Confidential Information" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

f).     "Designating Party" means the Party that designates Materials as "Confidential."

g).     "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information

2019.4.10 -
Stipulated

1 | contained therein.

2 | h). "Documents" mean (i) any document, electronically stored

3 | information, or tangible thing as provided for in Federal Rule of Civil Procedure Rule

4 | 34(a); and (ii) any copies, reproductions, or summaries of all or any part of the

5 | foregoing.

6 | i). "Information" means the content of Documents or Testimony.

7 | j). "Testimony" means all depositions, declarations or other

8 | testimony taken or used in this Proceeding.

9 | 4. The entry of this Stipulation and Protective Order does not alter, waive,

10 | modify, or abridge any right, privilege or protection otherwise available to any Party

11 | with respect to the discovery of matters, including but not limited to any Party's right

12 | to assert the attorney-client privilege, the attorney work product doctrine, or other

13 | privileges, or any Party's right to contest any such assertion.

14 | 5. This Stipulation and Protective Order shall govern all materials deemed

15 | to be "Confidential Information." Such Confidential Information may include the

16 | following (subject to a party's challenge to the confidentiality designation):

17 | a). Any and all documents referring or related to confidential and

18 | proprietary human resources or business information; financial records of the Parties;

19 | compensation of Walmart's current or former personnel; policies, procedures, and/or

20 | training materials of  Walmart; and/or Walmart's organizational structure, and

21 | documents related to third parties;

22 | b). Any documents from the personnel, medical or workers'

23 | compensation file of any current or former employee or contractor, specifically

24 | excluding documents from Plaintiff's personnel, medical, and/or workers'

25 | compensation files;

26 | c). Any documents relating to the medical and/or health information

27 | of any of Walmart's current or former employees or contractors, specifically excluding

28 | documents relating to the medical and/or health information of Plaintiff;

2019.4.10 -
Stipulated

d).    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

6. Any Documents, Testimony or Information to be designated as Confidential must be clearly so designated before the Document, Testimony or Information is Disclosed or produced.  The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a).    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.  The Designating Parties will use their best efforts to limit the number of documents designated Confidential.

b).    For Testimony given in depositions the Designating Party may either:

i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential."  In circumstances where portions of the deposition Testimony are designated for protection during or before the close of the deposition proceeding, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party; or

ii.    provisionally designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the obligation to identify in writing more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript.  From the time of the deposition to the time those specific portions of the Testimony are identified, the entire deposition

2019.4.10 -
Stipulated

1       shall be Confidential.

2       c).   For Information produced in some form other than Documents, and
3   for any other tangible items, including, without limitation, compact discs or DVDs,
4   the Designating Party must affix in a prominent place on the exterior of the container
5   or containers in which the Information or item is stored the legend "Confidential." If
6   only portions of the Information or item warrant protection, the Designating Party, to
7   the extent practicable, shall identify the "Confidential" portions.

8       7. Confidential Information shall be held in confidence by each qualified
9   recipient to whom it is disclosed, shall be used only for purposes of this action, shall
10  not be used for any business purpose, and shall not be disclosed to any person who is
11  not a qualified recipient.  All produced Confidential Information shall be carefully
12  maintained so as to preclude access by persons who are not qualified recipients.

13      8. Qualified recipients shall include only the following:

14      a).   the Court;

15      b).   (1) Attorneys of record in the Proceedings and their affiliated
16  attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are
17  actively involved in the Proceedings and are not employees of any Party. (2) In-house
18  counsel to the undersigned Parties and the paralegal, clerical and secretarial staff
19  employed by such counsel. Provided, however, that each non-lawyer given access to
20  Confidential Materials shall be advised that such Materials are being Disclosed
21  pursuant to, and are subject to, the terms of this Stipulation and Protective Order and
22  that they may not be Disclosed other than pursuant to its terms;

23      c).   those officers, directors, partners, members, employees and agents
24  of all non-designating Parties that counsel for such Parties deems necessary to aid
25  counsel in the prosecution and defense of this Proceeding; provided, however, that
26  prior to the Disclosure of Confidential Materials to any such officer, director, partner,
27  member, employee or agent, counsel for the Party making the Disclosure shall deliver
28  a copy of this Stipulation and Protective Order to such person, shall explain that such

2019.4.10 -
Stipulated

1  person is bound to follow the terms of such Order, and shall secure the signature of
2  such person on a statement in the form attached hereto as Exhibit A;

3          d).   court reporters in this Proceeding (whether at depositions,
4  hearings, or any other proceeding);

5          e).   any deposition, trial or hearing witness in the Proceeding who
6  previously has had access to the Confidential Materials, or who is currently or was
7  previously an officer, director, partner, member, employee or agent of an entity that
8  has had access to the Confidential Materials;

9          f).   any person believed to have percipient knowledge relating to the
10  issues in the case (including but not limited to a deposition or non-trial hearing witness
11  in the Proceeding) who previously did not have access to the Confidential Materials;
12  provided, however, that each such potential witness given access to Confidential
13  Materials shall be advised that such Materials are being Disclosed pursuant to, and are
14  subject to, the terms of this Stipulation and Protective Order and that they may not be
15  Disclosed other than pursuant to its terms; and that such potential witness shall sign
16  the attached Exhibit A agreeing to be bound by this Stipulation and Protective Order;

17          g).   Persons other than legal counsel who have been retained or
18  specially employed by a party as an expert witness for purposes of this lawsuit or to
19  perform investigative work or fact research;

20          h).   outside experts, litigation consultants, outside vendors, expert
21  consultants or any other type of consultants retained or consulted by the undersigned
22  Parties or their counsel in connection with the Proceeding, whether or not retained to
23  testify at any oral hearing; provided, however, that prior to the Disclosure of
24  Confidential Materials to any such expert or expert consultant, counsel for the Party
25  making the Disclosure shall deliver a copy of this Stipulation and Protective Order to
26  such person, shall explain its terms to such person, and shall secure the signature of
27  such person on a statement in the form attached hereto as Exhibit A. It shall be the
28  obligation of counsel, upon learning of any breach or threatened breach of this

2019.4.10 -
Stipulated

1  Stipulation and Protective Order by any such expert or expert consultant, to promptly
2  notify counsel for the Designating Party of such breach or threatened breach; and

3         i).    The parties to this litigation, their officers and professional
4  employees.

5      9.    Each counsel shall be responsible for providing notice of the Protective
6  Order and the terms therein to persons to whom they disclose "Confidential
7  Information," as defined by the terms of the Protective Order.

8      Persons to whom "Confidential Information" is shown shall be informed of the
9  terms of this Order and advised that its breach may be punished or sanctioned as
10  contempt of the Court. Such deponents may be shown Confidential Materials during
11  their deposition but shall not be permitted to keep copies of said Confidential Materials
12  nor any portion of the deposition transcript reflecting the Confidential Information
13  unless such individuals have signed a statement in the form attached hereto as Exhibit
14  A.

15      10.    If either party objects to the claims that information should be deemed
16  Confidential, that party's counsel shall inform opposing counsel in writing within
17  thirty (30) days of receipt of the Confidential Information that the information should
18  not be so deemed, and the parties shall attempt first to dispose of such disputes in good
19  faith and on an informal basis. If the parties are unable to resolve their dispute, they
20  may present a motion to the Court objecting to such status. The information shall
21  continue to have Confidential status during the pendency of any such motion.

22      11.    No copies of Confidential Information shall be made except by or on
23  behalf of attorneys of record, in-house counsel or the parties in this action. Any
24  persons making copies of such information shall maintain all copies within their
25  possession or the possession of those entitled to access to such information under the
26  Protective Order.

27      12.    All information produced in this action, whether deemed Confidential or
28  not, shall be used only for purposes of preparing for, conducting, participating in the

2019.4.10 - Stipulated

1  conduct of, and/or prosecuting and/or defending the Proceeding, and not for any other

2  purpose.

3      13.   The Protective Order shall likewise govern all materials deemed

4  "Attorneys' Eyes Only", which materials shall include any documents containing

5  corporate trade secrets, nonpublic research and development data, pricing formulas,

6  prospective inventory management programs, confidential business information not

7  generally known to the general public, and customer-related information.

8      Qualified recipients of documents marked "ATTORNEYS' EYES ONLY"

9  shall include only the following:  In-house counsel and law firms for each party and

10  the secretarial, clerical and paralegal staff of each.

11      14.   Nothing in this Stipulation and Protective Order shall be construed to

12  preclude either Party from asserting in good faith that certain Confidential Materials

13  require additional protection. The Parties shall meet and confer to agree upon the terms

14  of such additional protection.

15      15.   Any Party to the Proceeding who has not executed this Stipulation and

16  Protective Order as of the time it is presented to the Court for signature may thereafter

17  become a Party to this Stipulation and Protective Order by its counsel's signing and

18  dating a copy thereof and filing the same with the Court, and serving copies of such

19  signed and dated copy upon the other Parties to this Stipulation and Protective Order.

20      16.   Any Information that may be produced by a non-Party witness in

21  discovery in the Proceeding pursuant to subpoena or otherwise may be designated by

22  such non-Party as "Confidential" under the terms of this Stipulation and Protective

23  Order, and any such designation by a non-Party shall have the same force and effect,

24  and create the same duties and obligations, as if made by one of the undersigned Parties

25  hereto. ~~Any such designation shall also function as a consent by such producing non-~~

26  ~~Party to the authority of the Court in the Proceeding to resolve and conclusively~~

27  ~~determine any motion or other application made by any person or Party with respect~~

28  ~~to such designation, or any other matter otherwise arising under this Stipulation and~~

2019.4.10 - Stipulated



1    ~~Protective Order.~~

2        17.    The inadvertent production by any of the undersigned Parties or non-

3    Parties to the Proceedings of any Document, Testimony or Information during

4    discovery in this Proceeding without a "Confidential" designation, shall be without

5    prejudice to any claim that such item is "Confidential" and such Party shall not be held

6    to have waived any rights by such inadvertent production. In the event that any

7    Document, Testimony or Information that is subject to a "Confidential" designation is

8    inadvertently produced without such designation, the Party that inadvertently

9    produced the document shall give written notice of such inadvertent production within

10   thirty (30) days of discovery of the inadvertent production, together with a further copy

11   of the subject Document, Testimony or Information designated as "Confidential" (the

12   "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production

13   Notice, the Party that received the inadvertently produced Document, Testimony or

14   Information shall promptly destroy the inadvertently produced Document, Testimony

15   or Information and all copies thereof, or, at the expense of the producing Party, return

16   such together with all copies of such Document, Testimony or Information to counsel

17   for the producing Party and shall retain only the "Confidential" designated Materials.

18   Should the receiving Party choose to destroy such inadvertently produced Document,

19   Testimony or Information, the receiving Party shall notify the producing Party in

20   writing of such destruction within ten (10) days of receipt of written notice of the

21   inadvertent production. This provision is not intended to apply to any inadvertent

22   production of any Information protected by attorney-client or work product privileges.

23   In the event that this provision conflicts with any applicable law regarding waiver of

24   confidentiality through the inadvertent production of Documents, Testimony or

25   Information, such law shall govern.

26       18.    If, during the course of this litigation, a Party determines that any

27   Document produced by another party is or may reasonably be subject to a legally

28   recognizable privilege or evidentiary protection ("Protected Document"), the

2019.4.10 -
Stipulated

1　receiving party shall:

2　　　　　a).　refrain from reading the Protected Document any more closely

3　than is necessary to ascertain that it is privileged or otherwise protected from

4　disclosure;

5　　　　　b).　immediately notify the Producing Party in writing that it has

6　discovered Document(s) believed to be privileged or protected;

7　　　　　c).　specifically identify the Protected Document(s) by Bates number

8　range or hash value; and

9　　　　　d).　within ten (10) days of discovery by the Receiving Party, return,

10　sequester, or destroy all copies of such Protected Documents, along with any notes,

11　abstracts, or compilations of the content thereof.　To the extent that a Protected

12　Document has been loaded into a litigation review database under the control of the

13　Receiving Party, the Receiving Party shall have all electronic copies of the Protected

14　Document extracted from the database.　Where such Protected Document(s) cannot be

15　destroyed, sequestered, extracted or separated, they shall not be reviewed, disclosed,

16　or otherwise used by the Receiving Party.

17　　　Notwithstanding the foregoing, the Receiving Party is under no obligation to

18　search or review the Producing Party's Documents to identify potentially privileged

19　or work product protected Documents.

20　　　19.　This disclosure or production of any documents subject to a legally

21　recognized claim of privilege (including, without limitation, the attorney-client

22　privilege, work-product doctrine, or other applicable privilege) shall be protected and

23　excluded from argument from any party that:

24　　　　　a).　the disclosure was not inadvertent by the Producing Party;

25　　　　　b).　the Producing Party did not take reasonable steps to prevent the

26　disclosure of privileged Documents;

27　　　　　c).　the Producing Party did not take reasonable or timely steps to

28　rectify such Disclosure; and/or

2019.4.10 -
Stipulated

d).    such disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

20.    The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Stipulation and Protective Order.

21.    After judgment has become final, including final disposition of any appeals, all Confidential Information which has been produced by Plaintiff and Defendants in this action, together with any copies which may have been made, shall be placed in the official legal file maintained by Plaintiff's and Defendants' respective counsel of record and shall remain there until such time as they are destroyed in accordance with Plaintiff's and Defendant's counsel's firm policy.

22.    Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

23.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a).    operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b).    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.    to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation

2019.4.10 -
Stipulated

1 | and Protective Order either generally or as to any particular Document,
2 | Material or Information.

3 | 24.   Nothing herein shall impose any restrictions on the use or disclosure by
4 | a party of material obtained by such party independent of discovery in this action,
5 | whether or not such material is also obtained through discovery in this action, or from
6 | disclosing its own confidential material as it deems appropriate.  Nothing in this
7 | Protective Order shall be deemed to restrict in any way any party's own documents or
8 | information, or the party's attorneys with respect to that party's own documents or
9 | information.

10 | 25.   Nothing in the Protective Order shall be deemed to preclude any party
11 | from seeking and obtaining, on an appropriate showing, a modification of this Order.

12 | 26.   The Protective Order is entered pursuant to the Federal Rules of Civil
13 | Procedure.

14 | 27.   All Confidential Materials, or Information derived from Confidential
15 | Materials, filed with the Court shall be filed in accordance with the procedures set
16 | forth in Central District Local Civil Ruler 79-5.

17 | 28.   This Order is not intended to govern the use of "Confidential Materials"
18 | at any trial of this litigation.  Questions of the protection of "Confidential Materials"
19 | during trial will be presented to the Court prior to or during trial as each party deems
20 | appropriate.  The Parties shall meet and confer regarding the procedures for use of
21 | Confidential Materials at trial and shall move the Court for entry of an appropriate
22 | order.

23 | Dated: April 10, 2019

**DESJARDINS & PANITZ, LLP**

By:  *Michael A. DesJardins*
Michael A. DesJardins
Attorneys for Plaintiff

2019.4.10 -
Stipulated

28

1

2    DATED:  April 10, 2019                OGLETREE, DEAKINS, NASH,
3                                          SMOAK & STEWART, P.C.

4

5                                          By:    *Kelsey A. Webber*
6                                                 James T. Conley
                                                  Kelsey A. Webber
7
                                           Attorneys for Defendants
8                                          WALMART, INC., (*erroneously sued*
                                           *as WAL-MART ASSOCIATES, INC., a*
9                                          *Delaware Corporation*)

10

11

12                        **ATTESTATION**

13          Concurrence in the filing of this document has been obtained from each of the

14   individuals whose electronic signature is attributed above.

15   Dated: April 10, 2019                 **OGLETREE, DEAKINS, NASH,**
16                                         **SMOAK & STEWART, P.C.**

17

18                                         By:   *Kelsey A. Webber*
19                                               James T. Conley
                                                 Kelsey A. Webber
20                                               Attorneys for Defendant
                                                 Walmart Inc.
21

22

23

24

25

26

27

28

# **EXHIBIT A**

## **CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, [NAME], [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *Jennifer Gonzales v. Wal-Mart Associates, Inc.*, Case No. 2:18-CV-08409-PSG-AGR. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of _____, 20____, at _____.

DATED:                          BY: _____
                                     Signature
                                     Title
                                     Address

2019.4.10 -
Proposed Protective